Eric Sapir (SBN 282740)
es@ericsapirlaw.com
LAW OFFICE OF ERIC SAPIR
11500 Olympic Blvd., Suite 400
Los Angeles, CA 90064
Tel: (310) 444-3058
Fax: (310) 444-3059

Attorney for Plaintiff
RAMON MACARAIG

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MACARAIG, | Case No. |
| Plaintiff, | |
| | **COMPLAINT FOR DAMAGES** |
| v. | |
| VEROS CREDIT LLC, | |
| Defendant. | **[JURY TRIAL DEMANDED]** |

## I. INTRODUCTION

1.     RAMON MACARAIG ("Plaintiff") brings this action for damages, and other available legal or equitable remedies, resulting from the illegal actions of VEROS CREDIT LLC ("Defendant"), in attempts to collect a consumer debt allegedly owed by Plaintiff.

//

//

- 1 -

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d),* which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3.      Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

4.      Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## III. PARTIES

5.      Plaintiff RAMON MACARAIG is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the County of Los Angeles.

6.      Upon information and belief, Defendant, VEROS CREDIT LLC is a limited liability company with its headquarters in Los Angeles County, with offices/locations in the counties of Los Angeles and Orange.  Defendant is wholly responsible for the injuries to Plaintiff as set forth below.

//

//

-2-

7.    Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

8.    Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692a(3), and a "debtor" as defined by the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code 1788.2(h).

9.    The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5) and a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

10.    Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

//

//

//

- 3 -

## IV. FACTUAL ALLEGATIONS

12.     In or about October, 2015, and on multiple dates prior and after, Defendant called Plaintiff seeking and demanding payment for an alleged consumer debt (the "alleged debt") owed by Plaintiff for an automobile loan.

13.     The alleged debt is claimed to have been used primarily for personal, family, or household purposes.

14.     Defendant failed to disclose in the initial communication that the communication is from a debt collector and/or that they are attempting to collect a debt and any information obtained will be used for that purpose.

15.     On October 15, 2015, Defendant falsely stated that Plaintiff owed a total sum of $493.40, which 31 days past due, when in fact, the total of $150.37 was past due 31 days, while $343.00 was past due 1 day.

16.     Defendant called Plaintiff at his workplace and threatened that within 20 minutes, the vehicle would be seized unless payment was made.

17.     To date, Plaintiff's automobile has not been seized.

18.     Plaintiff did not provide Defendant with his employment telephone number, nor did her provide Defendant with consent to call him at his place of employment.

19.     The calls to Plaintiff's employer caused a great deal of embarrassment to Plaintiff.

- 4 -

20.     Defendant stated that it was illegal to accept payment via credit card and that this policy stems from a law that came into effect in August, 2011.

21.     Defendant falsely stated and/or implied that Plaintiff and his wife have had previous cars repossessed.

22.     Plaintiff requested that he no longer wanted to be on Defendant's automated calling system. Defendant failed to honor Plaintiff's requests and continued to contact Plaintiff with an automated calling system.

23.     Defendant called Plaintiff on several occasions even though Plaintiff discussed a payment plan and his requests to cease contact.

24.     Plaintiff has no contractual relationship with Defendant. When Plaintiff requested the alleged contract, Defendant threatened Plaintiff with repossession.

25.     Due to the constant harassment, Plaintiff paid of the full balance for the alleged debt. Nevertheless, Defendant continued to call Plaintiff even after being requested to cease contact.

26.     To date, Plaintiff has not been served with a lawsuit by Defendant.

27.     To date, Plaintiff has not been sued by Defendant for the alleged debt.

- 5 -

28.   Within five days of Defendant's first contact with Plaintiff,

Defendant failed to send Plaintiff a written notice that included the following

required by the FDCPA:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(15 USC 1692g).

29.   Within five days of Defendant's first contact with Plaintiff,

Defendant failed to send Plaintiff a written notice that included the following

language required by the RFDCPA:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may

- 6 -

not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or *www.ftc.gov*.

(*Cal. Civ. Code § 1812.700*).

30.     Plaintiff is informed and believes, and thereon alleges, that on multiple occasions over numerous days, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendants contacted Plaintiff on Plaintiff's telephone on several occasions without Plaintiff's consent.

31.     As of the date of the filing of this Complaint, Plaintiff has never entered into a written contract with Defendant relating to the alleged debt.

32.     In regard to each of the calls to Plaintiff's telephone:

(a)     Plaintiff was a "recipient" as this term is used in 47 U.S.C. §227, *et seq*.;

(b)     Each call was initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or

- 7 -

services and, therefore, each was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(3).

33.    In regard to each call, Defendant or their authorized agents knowingly and/or willfully:

      a.  Called without Plaintiff's prior express consent;

      b.  Made the call using an automated dialer;

      c.  Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      d.  Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      e.  Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

      f.  Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

34.    As a direct result of Defendant's acts and omissions, Plaintiff has suffered and continues to suffer severe emotional distress.

35.    Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

- 8 -

## COUNT I: VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

36.     Plaintiff reincorporates by reference all of the preceding paragraphs.

37.     Defendant violated the FDCPA based on the following:

a.      Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

b.      Defendant violated §1692d(1) of the FDCPA by using or threating criminal means to harm the physical person, reputation, or property of Plaintiff.

c.      Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequence of which is to abuse the Plaintiff.

d.      Defendant violated § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

e.      Defendant violated § 1692e(4) by representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action.

e.      Defendant violated § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

f.      Defendant violated § 1692e(7) by falsely representing or implying that the Plaintiff committed any crime or other conduct in order to disgrace the consumer.

g.      Defendant violated § 1692e(10) by using false representations and deceptive practices in connection with collection of the alleged debt.

h.      Defendant violated §1692e(11) by failing to notify Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

i.      Defendant violated §1692g(a)(1) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the amount of the debt.

j.      Defendant violated §1692g(a)(2) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the name of the creditor to whom the debt is owed.

k.      Defendant violated §1692g(a)(3) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that unless the consumer, within thirty days after receipt of

- 10 -

the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

l.      Defendant violated §1692g(a)(4) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

m.      Defendant violated §1692g(a)(5) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

n.      Defendant violated §1692c(b) by communicating with third parties without obtaining Plaintiff's prior consent.

o.      Defendant violated §1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

p.      Defendant violated §1692c(a) by calling Plaintiff's place of employment.

- 11 -

q.     Defendant violated §1692f(1) by attempting to collect an

amount no expressly authorized by the agreement creating the debt or permitted

by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the

FDCPA;

B.     Actual damages;

C.     Statutory damages;

D.     Punitive damages;

E.     Costs and reasonable attorney's fees; and,

F.     For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38.     Plaintiff repeats and realleges all of the allegations in Count I of

Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

39.     To the extent that Defendant's actions, counted above, violated the

RFDCPA, those actions were done knowingly and willfully.

40.     Defendant violated the RFDCPA based on the following:

a.      Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

b.      Defendant violated the Cal. Civ. Code § 1812.700 by failing to include the specific language required by § 1812.700.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.      Actual damages;

C.      Statutory damages for willful and negligent violations;

D.      Punitive Damages;

E.      Costs and reasonable attorney's fees,

F.      For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TCPA AND TCPA REGULATION 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2)

41.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

42.     In placing calls to deliver a telephone solicitation to Plaintiff's telephone, and failing to train the person making the call in the proper

- 13 -

maintenance and use of its Do-Not-Call List, Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

43.     Because Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

### COUNT IV: VIOLATION OF TCPA 47 U.S.C. §227(b)(1)(A)(iii)

44.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

45.     In initiating calls using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's telephone, Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

46.     Defendant's conduct, in initiating calls to Plaintiff's telephone using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's telephone constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

//

//

//

## COUNT V: VIOLATION OF TCPA AND TCPA REGULATION
## 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)

47.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

48.    In placing calls to deliver telephone solicitations to Plaintiff's telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

49.    Because Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for the following relief on the foregoing claims against Defendant:

A.    For a declaratory judgment that Defendant's conduct violated the TCPA;

B.    For an award of statutory damages in Plaintiff's favor and against Defendant in the amount of $500 for each of Defendant's violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(B);

C.     For an award of statutory damages in Plaintiff's favor and against Defendant in the amount of $1500 for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(C);

D.     For an award of statutory damages in Plaintiff's favor and against Defendant in the amount of $500 for each of Defendant's violations of 47 U.S.C. §227(b) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. § 227(b)(3)(B);

E.     For an award of statutory damages in Plaintiff's favor and against Defendant in the amount of $1500 for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(b) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. § 227(b)(3)(B).

F.     For actual damages;

G.     For such other and further relief as the Court may deem just and proper.

//

//

//

//

//

- 16 -

1  **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

2
3      PLEASE TAKE NOTICE that Plaintiff RAMON MACARAIG demands a

4  jury trial in this case.

5

6  Dated: April 25, 2016              **LAW OFFICE OF ERIC SAPIR**

7

8                                          By:

9                                             Eric Sapir
                                             Attorney for Plaintiff
10                                            RAMON MACARAIG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -